ANGELA S. HUNT *vs.* JAMES REILLY *et al.*

PROVIDENCE—JANUARY 8, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *Dower.   Laches.   Equity.*

A bill in equity filed August 10, 1901, alleged that May 29, 1866, the husband of complainant conveyed certain real estate by a deed purporting to contain a release of complainant's dower, which estate, by mesne conveyances, came to the respondents ; that complainant knew nothing of the deed until long after its date, and never signed it and never released dower. Complainant's husband deceased March 17, 1901 :—

*Held*, on demurrer, that complainant was not estopped, on the ground of laches, from claiming dower in said estate.

BILL IN EQUITY to assign dower in certain property. Heard on demurrer to bill, and demurrer overruled.

STINESS, C. J. The question presented by the demurrer to this bill is whether the complainant is estopped to claim dower, in the estate of her husband, by reason of laches.

The bill alleges that she was married to Walter S. Hunt May 16, 1866 ; that May 29, 1866, he conveyed certain real estate to his mother by a deed purporting to contain a release

of the complainant's dower therein, which real estate has been conveyed to the respondents; that the complainant knew nothing of the deed until long after the date thereof; that she never signed it and never released her dower in said land or any part thereof; that said Walter S. Hunt died March 17, 1901.

This bill was filed August 10, 1901.

(1)    Upon these allegations the demurrer on the ground of laches is not tenable.

The charge is substantially that of a forgery of the complainant's name in a release of dower. It does not appear in the allegations that the knowledge of the deed included knowledge of the fraudulent release of dower; nor that the time, long after the date of the deed, was more than thirty years ago; both of which facts are assumed by the respondents in argument. But suppose it were so: there is also nothing to show that they were purchasers for value, without notice, which is pressed as the basis of an estoppel.

Dower before assignment is a mere chose in action. *Chapin* v. *Hill*, 1 R. I. 446 ; *Hoxsie* v. *Ellis*, 4 R. I. 123 ; *Weaver* v. *Sturtevant*, 12 R. I. 537 ; *Maxon* v. *Gray*, 14 R. I. 641.

The widow could do nothing in asserting her claim for dower until the death of her husband, which was less than five months before the filing of this bill.

The mere purchase of land in good faith is no defence to a claim for dower. See 17 Am. Dig. Cent. Ed. Dower, § 253, p. 1405. Estoppel by laches consists of a neglect to do something which one should do, or to seek to enforce a right at a proper time. The complainant could enforce no right of dower during the lifetime of her husband. She has promptly acted since his death. Should she have done something that she has not done ?

The respondents do not suggest what she should have done. The only notice that she could have given of the forgery, which would be likely to be at all effectual, would have been some statement upon the real estate records. But the real estate registry is for transfers of property, not for declarations of a claim to title. There is no law requiring these to

be recorded.   Indeed, we think it is quite doubtful if it would be proper to record them.   If they can be recorded, persons who set up claims to land, however unfounded, can give the notice and thus cloud titles to an extent which might be very serious.   The notice being upon record would be an excuse for delaying suit, and thus tie up the sale of land for a considerable time, at least.   If the registry should be made a receptacle for voluntary attacks upon titles, we think that it would result in more harm than good.   An owner might have a remedy for libel of title, but this can hardly be deemed to be sufficient to justify the practice.   Of course we understand that one in searching the records may be misled as to the validity of a title by seeing a record which purports to be a release of dower.   So he may be misled as to the validity of a deed which is, in fact, a forgery.   But the question is whether the alleged grantor is estopped by his conduct.

What has this complainant omitted to do that she should have done ?   During the life of the husband, even if the complainant could have placed a notice on record, it would only have amounted to proclaiming her husband a forger.   She could have done nothing more.   She could not have given personal notice to these respondents, for, so far as appears, she knew nothing of the subsequent sales of the property. It is not alleged that she stood by in silence with knowledge of such sales, nor that she has actively misled any one of the parties.   The case is therefore distinguishable from those relied on by the respondents.

In *Galbraith* v. *Lunsford*, 87 Tenn. 89, a married woman who owned property was held to be estopped to claim a particular dividing line by reason of long acquiescence in another line by occupation and reference to it in deeds under which others had taken title.   That case rests upon the rule which this court recognized in *O'Donnell* v. *Penney*, 17 R. I. 164 ; but as to the estoppel created by deed it was cited, though not fully followed, in *Franklin Bank* v. *Miller*, 17 R. I. 272. *Marshall* v. *Smith*, 34 L. J. Ch. 189 (1865), the husband having died over thirty years before the suit, the complainant's right of dower was not inchoate but vested.   She had

slept upon a right, which she could have enforced,.for that length of time.   In some cases active fraud was found, upon which an estoppel was based.

In *Williamson* v. *Jones*, 43 W. Va. 562 (38 L. R. A. 694), the court said: "The mere silence or inaction of the married women—their quiescence, for it is not acquiescence—does not bar them."

We are therefore of opinion that the bill is not demurrable upon the facts set out.

Demurrer overruled.

*Irving Champlin*, for complainant.

*Warren R. Perce, Edward D. Bassett, Frederic Hayes*, for respondents.